UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STEVENSON JAIR PALLARES-TRUJILLO REG. # 62222-018** | : | **DOCKET NO. 18-cv-1284** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **DIRECTOR BUREAU OF PRISONS** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Steven Pallares-Trujillo. Pallares-Trujillo is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at Adams County Correctional Institution in Washington, Mississippi. At the time he filed this suit, however, he was incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. *See* doc. 1. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

This suit began as a petition filed by several inmates, including Pallares-Trujillo, in the United States District Court for the District of Columbia. Doc. 1. The inmates asserted that their convictions and sentences violate various constitutional provisions. *Id.* at 1–11. In relief, they sought (1) a declaration that the respondents have violated the Constitution, (2) release from custody, and (3) whatever other relief the court deems appropriate, including but not limited to costs of their commercial transportation home. *Id.* at 12. The suits were severed and Pallares-

Trujillo's case was transferred first to the United States District Court for the Southern District of Mississippi and then, on October 1, 2018, to this court. Docs. 36, 37, 45.

This court directed Pallares-Trujillo to amend his petition and state his specific claims for relief, in order to show that he could satisfy § 2255's savings clause and proceed in this court under § 2241. Doc. 49. Pallares-Trujillo complied by filing the instant amended petition. Doc. 50. Here he states that he is challenging a sentence imposed in November 2015 by the United States District Court for the Middle District of Florida, for a drug trafficking conviction. Doc. 50; *see United States v. Rey-Durier et al.*, No. 8:15-cr-0097(06) (M.D. Fla. Nov. 30, 2015). Pallares-Trujillo maintains that the charged conduct took place in the territorial waters of the United States and that the court's exercise of jurisdiction over his case was therefore unconstitutional. Doc. 50. However, he cites only an Eleventh Circuit case from 2012 in support of his claims. *Id.* at 4. He fails to satisfy either prong of § 2241 by showing (1) that his claim is based on a retroactively applicable Supreme Court decision, showing he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law when he might have raised it at trial, on appeal, or in a § 2255 proceeding. Indeed, such a finding would be impossible based on the case provided, which was decided before he was sentenced. Thus, for the reasons provided in this court's preceding order [doc. 49], Parilles-Trujillo cannot maintain his claims under § 2241 and this court lacks jurisdiction over his case.

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed

factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 7th day of January, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE